Charlie B. MASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46894.

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 20, 1973.

Malcolm C. Schulz, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Bob Lindsey, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

Appellant, on August 7, 1972, was convicted of felony theft. His punishment was assessed at five years, probated. The first condition of his probation was that he commit no offense against the laws of this State or any other State or the United States.

On August 30, 1972, the State filed a motion to revoke probation, in which it alleged the following, among others, as breaches of the conditions of the probation:

"(3) said probationer, Charlie B. Mason, on or about the 9th day of August, 1972, within the Territorial Limits of the City of Abilene, County of Taylor and State of Texas, did then and there unlawfully make an assault and/or battery on the person of one Maria Baker in that the said Charlie B. Mason struck the complainant about the body with a gun with the intent to injure said complainant and without the consent of complainant placing the said Maria Baker in great fear of bodily harm;

"(4) said probationer, Charlie B. Mason, on or about the 29th day of August, 1972, in the City of Abilene, County of Taylor, and State of Texas, was drunk in public."

A hearing was had before the court, at the conclusion of which the State waived grounds alleged in its motion other than the two stated above. The court orally found that appellant was shown to have violated the terms of his probation in the respects alleged in (3) and (4) of the motion, supra, revoked the probation, and thereafter, on November 17, 1972, sentenced appellant.

In his first two grounds of error, appellant contends that the court abused its discretion in revoking probation for being drunk in a public place for the reason that the evidence is insufficient for such finding.

Officer Jim Nance of the Abilene police force testified that about 2:19 A.M. on August 29, 1972, he and his partner Bobby Drake arrested appellant as he was coming out of the Little Red Barn, a restaurant within the city limits of Abilene. Nance stated that he observed the demeanor and conduct of appellant at "close hand," and that he placed him under arrest "for being drunk in public." He described appellant as being "unsure on his feet, and there was a faint odor of alcohol on his person; his eye lids was drooping; he was very incoherent." Nance testified on both direct and on cross-examination that in his opinion appellant was drunk at the time of his arrest.

Officer Drake testified that, from his observations of appellant at the Little Red Barn, he formed the opinion he was drunk. He stated that he did not get close enough to appellant there to detect any odors, but that at the police station, he, Drake, smelled alcohol.

Appellant did not testify.

Appellant contends in his second ground that there was no showing that he was drunk in a public place.[1] There was no effort made to quash the motion to revoke for insufficiency of any of its allegations. There was evidence that appellant was in a restaurant in Abilene while he was in a

1. Article 477, Vernon's Ann.P.C., reads: "Whoever shall get drunk or be found in a state of intoxication in any public place, or at any private [home] except his own, shall be fined not exceeding one hundred dollars."

state of intoxication, and that the restaurant was a public place.

■ Appellant's first two grounds of error are overruled.

The court in its oral findings also found that appellant had, on August 9, 1972, committed an assault on one Maria Baker by striking the said Maria Baker with a pistol. Appellant, under his third ground, argues that the motion alleged a mere simple assault, whereas, because the evidence showed appellant to be an adult male, and Maria Baker a female, the State proved an aggravated assault; hence, there was a fatal variance between the allegations in the motion and the proof.

■ The motion alleged an assault "and/or" battery by appellant upon one Maria Baker. The undisputed evidence of Maria Baker showed such an assault just as alleged, and the fact that the assault became aggravated because committed by an adult male on a female constitutes no fatal variance between the allegations and the proof.

■ The allegations in a motion to revoke probation need not strictly comply with the requirements of an indictment or information, but should fully inform the probationer and his counsel of what they will be called upon to defend against. Wilcox v. State, Tex.Cr.App., 477 S.W.2d 900; Flournoy v. State, Tex.Cr.App., 481 S.W.2d 898.

Appellant's third ground of error is overruled.

The fourth ground contends an abuse of discretion because of a variance between the court's oral findings, dictated into the record at the conclusion of the evidence, and the written findings included in the order of revocation.

■ As appellant points out, the court's oral findings of violations by appellant of the condition of probation were based on paragraphs (3) and (4) of the State's motion. The written order of the court revoking probation does not distinctly specify the grounds upon which revocation order was based. While it would be better practice for trial courts to require orders revoking probation to specify the exact ground or grounds of the State's motion relied on by the court to revoke (Guillory v. State, Tex.Cr.App., 487 S.W. 2d 327, see footnote 1, page 330), the failure of the trial court to make specific findings is not reversible error in the absence of a request therefor. Wilcox v. State, supra; Marshall v. State, Tex.Cr. App., 466 S.W.2d 582; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165. The record is silent as to any request for further clarification of the court's findings.

Appellant's fourth ground is overruled.

The fifth ground of error reads:

"The Trial Court abused its discretion in revoking the probation of Appellant for the reason that the Assistant District Attorney failed to have the Clerk identify the original indictment, judgment, docket sheet, and order of probation, and failed to offer the same into evidence. Such failure is error and Appellant asks that ruling of the Trial Court be reversed."

■ Appellant offers no argument in support of this ground, and cites no authority. Such is not in compliance with the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., and presents nothing for review.

■ While many courts follow the commendable practice of requiring the State to place the order of probation in evidence, the instruments mentioned in appellant's ground of error were all court records in this cause, of which the trial court could and would take judicial notice.

The fifth ground is overruled.

No abuse of discretion having been shown, the judgment is affirmed.

Opinion approved by the Court.