**Reginald Harris HOLLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 67979, 67980.**

Court of Criminal Appeals of Texas, En Banc.

March 7, 1984.

James K. Johnson, Dallas, for appellant.

Henry Wade, Dist. Atty., John D. Nation and Cathy Crier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

These are appeals from a conviction for aggravated robbery in our Cause Number 67980 and a revocation of probation in our Cause Number 67979. Punishment in Cause Number 67980 was assessed at twenty years. Punishment in Cause Number 67979 was assessed at three years.

The appellant's briefs in the instant cases merely urge five "propositions of law". They contain no citation to authority. What little argument is contained in the briefs is in actuality a mere recitation of facts and offers no legal analysis. However, because we feel we can understand appellant's "propositions of law", we will address them. Again, we feel the need to remind the practitioners of this State to conform to the requirements of Article 40.-09(9), V.A.C.C.P., when they submit briefs.

## Cause Number 67980

■ Appellant argues that the evidence is insufficient to sustain a conviction for aggravated robbery. Appellant has furnished us with no argument or authorities to support his contention.

Appellant was indicted as follows:

"... REGINALD H. HOLLOWAY ... did unlawfully, then and there while in the course of committing theft and with intent to obtain and maintain control of the property of Willie Dean Turner, hereinafter called complainant, the said property being current money of the United States of America, without the effective consent of the said complainant and with intent to deprive the said complainant of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a handgun, knowingly and intentionally threaten and place the said complainant in fear of imminent bodily injury, ..."

The jury was instructed on the law of parties.

Willie Dean Turner testified that he was walking home from a store at approximately 9:00 p.m. on November 9, 1979. As Turner was walking under a freeway bridge, he heard someone walking behind him. He turned around and saw the appellant and another individual. Appellant's companion pointed a .22 pistol at Turner's face while appellant searched Turner and relieved Turner of all his money. After appellant had taken Turner's money, appellant's companion handed appellant the gun and ran off. The appellant then told Turner not to move until they left. Appellant then fled. At trial Turner testified that he was afraid appellant might hurt him if he did not do as he was instructed. The evidence is clearly sufficient to support appellant's conviction.

■ In his first ground of error, appellant argues that the trial court committed error in overruling his challenge of prospective juror Evelyn Harper. The record shows that after the trial court overruled his challenge for cause, appellant used one of his peremptory challenges on Harper and thereafter exhausted all of his peremptory challenges. Appellant's request for an additional peremptory challenge because he had been forced to take an objectionable juror was denied.

During the voir dire examination, prospective juror Harper informed the court that her home had recently been burglarized and she wanted the court to know she was not sure how this experience would affect her as a juror. She was then questioned in pertinent part as follows:

"Now, the question is whether or not in sitting as a juror in this case, that experience would influence you so that you couldn't follow the law, for instance. The law says the defendant is to be presumed, as he sits there, to be innocent. Could you follow that presumption?

"JUROR NO. 9: Well, I don't know, because I have a feeling in my heart of just contempt about someone who would do something like that.

"* * * *

"THE COURT: All right, do you feel that you would hold it against this defendant, what happened to you?

"JUROR NO. 9: I just feel that way about anyone that would do something like that. I am sorry. I claim to be a christian person, but I just—I have got bad feelings about someone who would do something like that.

"* * * *

"THE COURT: Okay. But my question is, as this man sits here, can you presume him to be innocent right now?

"JUROR NO. 9: Well, that is what I am trying to tell you, I don't know that I could.

"THE COURT: You have a question in your mind, whether you could or not?

"JUROR NO. 9: That's right.

"MR. RUSSELL: Are you saying, I think you are saying that you might find him, find this man guilty because of what another man did?

"JUROR NO. 9: That's right.

"MR. RUSSELL: You feel that you would find him guilty on what somebody else did to you?

"JUROR NO. 9: I hope I wouldn't, but I don't know.

"* * *

"MR. RUSSELL: Can you promise us you would try this man on the evidence that is presented against him in this trial, that is what we are asking?

"JUROR NO. 9: Well, I don't know.

"MR. RUSSELL: You are saying that you wouldn't try this man based on what another man did to you?

"JUROR NO. 9: Yes.

"MR. RUSSELL: Are you saying you are against crime because of what happened to you, your experience, but you are not feeling personally anything against this man, because you think that he might have done it?

"JUROR NO. 9: That's right.

"MR. RUSSELL: What feeling is it in your heart, that you have a feeling against crime?

"JUROR NO. 9: Yeah.

"MR. RUSSELL: Okay, but if he is not proven to be a criminal and not proven to be guilty of the charge that he is charged with, you are not going to feel that way, are you?

"JUROR NO. 9: I haven't heard the case yet.

"MR. RUSSELL: All right, are you going to decide the case based on what you hear in this courtroom?

"JUROR NO. 9: I will try, but I felt like it would be better for me to let you know how I feel.

"MR. RUSSELL: Okay. What I am saying is, I don't think you are saying that you would be an unfair juror, I think you are saying, I am against crime, and I am against criminals, and against this kind of activities, but you could be a proper juror and you are going to try him based on what you hear here, and not based on what somebody else did, because if you did that, it wouldn't be a fair trial.

"JUROR NO. 9: That's right, and I am trying to tell you that.

"MR. RUSSELL: You think that you would try him on that?

"JUROR NO. 9: Yes.

"MR. RUSSELL: You wouldn't find him guilty of robbery because someone burglarized your house, would you?

"JUROR NO. 9: I don't know whether I would or not.

"MR. RUSSELL: Okay. Well, do you think it is proper—

"JUROR NO. 9: Yes.

"MR. RUSSELL: (continuing)—to give him a trial on his evidence and what he did?

"JUROR NO. 9: Yes.

"* * *

"MR. RUSSELL: Okay. Do you feel like that you could give this fellow a fair trial, or do you feel like you couldn't?

"JUROR NO. 9: I will try, that is all I can tell you.

"* * *

"THE COURT: Let me come back to something he asked you, that is, if you got—that is, if you could, as you are sitting right now, that you can presume the defendant to be innocent to this point of time, I believe you indicated—

"JUROR NO. 9: I think everybody is innocent until they are proven guilty.

"THE COURT: You can presume that the defendant is innocent at this point of time, and require the State to prove him guilty beyond a reasonable doubt?

"JUROR NO. 9: Yes, because I don't have anything against that man.

"THE COURT: This is the man we are talking about?

"JUROR NO. 9: Yes.

"THE COURT: And if, after you have heard all of the evidence and you had a reasonable doubt as to whether he is guilty, the law says just to find him not guilty, could you do that?

"JUROR NO. 9: I suppose I could.

"THE COURT: Is there any question in your mind about your ability to find him not guilty?

"JUROR NO. 9: No, but I would—wanted you to know how I felt about criminals, okay?

"THE COURT: If you did find him guilty, and you felt it was a proper punishment, could you vote for five years, the minimum punishment?

"JUROR NO. 9: Yes.

"THE COURT: Go ahead, Mr. Shepherd.

"MR. SHEPHERD: I have a few questions. Because of this experience you have had, you feel like, that there is a chance of your feeling right now, really kind of that maybe he did it and maybe he didn't, but we ought to find him guilty if you had not had this thing? Is that right?

"JUROR NO. 9: That's right, and you know, I am, because talking about a personal experience like this, it goes into your mind, you don't think about it, you wouldn't forget it, would you?

"MR. SHEPHERD: Certainly, and what you are saying is that because of this, it would just really kind of be in your mind, and maybe you would require less evidence for you to vote for guilty than had this thing not happened to you, we all hate to have our property destroyed—

"JUROR NO. 9: You are so right."

The State argues that the voir dire of Evelyn Harper is very similar to the voir dire of Donald Rogers in *Peters v. State*, 575 S.W.2d 560 (Tex.Cr.App.1979), an arson case. In *Peters*, prospective juror Rogers told the court that his pregnant sister had been killed in a fire started by an arsonist. Rogers told the court that he had very strong feelings about this incident. However, when the trial judge and prosecutor asked him if he could be a fair and impartial juror, Rogers unequivocally stated that he could be. In the instant case, Evelyn Harper never gave the court a clear answer. Throughout the voir dire, Harper equivocated as to her mindset. When taken as a whole, we find that she could not have been a fair and impartial juror and

the trial court should have granted appellant's challenge for cause. Article 35.16, V.A.C.C.P.

Because of this error, we find that the judgment in Cause No. 67980 must be reversed.

### Cause No. 67979

In two grounds of error appellant challenges the sufficiency of the evidence supporting the trial court's order revoking probation. Specifically, he charges that the terms and conditions of appellant's probation were neither offered nor admitted into evidence at the hearing and thus there was no evidence before the court as to the terms and conditions of appellant's probation.[1] Finally, appellant argues that since the judge hearing the revocation hearing was not the same judge who placed appellant on probation, the judge hearing the revocation hearing could not take judicial notice of the terms and conditions of appellant's probation.

■ We disagree. Although it would have been preferable to have the order placing appellant on probation introduced into evidence, the instrument containing the terms and conditions of probation was a part of the court records in this cause. As such the trial judge could take judicial notice of this instrument. *Fleming v. State*, 502 S.W.2d 822 (Tex.Cr.App.1973); *Mason v. State*, 495 S.W.2d 248 (Tex.Cr. App.1973). This rule is not altered by the fact that a visiting judge was hearing the probation revocation. The theory of judicial notice is that "where a fact is well known by all reasonably intelligent people in the community or its existence is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof." Ray, "Law of Evidence" (3rd Edition), Section 151, at page 193. Because in the instant case, the terms of the probationary conditions were easily verifiable, we find that the visiting trial judge correctly took judi-

---

**1.** The record reflects that appellant's attorney requested the court to take judicial notice of the records before it.

cial notice of them. Therefore, the evidence is sufficient to support the revocation of appellant's probation. Appellant's grounds of error are overruled.

The judgment in Cause No. 67979 is affirmed. The judgment in Cause No. 67980 is reversed and remanded to the trial court.