IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-058-CR





NORMAN ODELL BROWN,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL

DISTRICT


NO. 88-046, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 




 Appellant challenges his conviction for the felony of
driving while intoxicated, third offense. He complains that, among
other things, the trial court erroneously overruled his challenge
for cause to a member of the venire. We reverse the conviction and
remand this cause for further proceedings.



BACKGROUND


 Appellant was indicted for the felony offense of driving
while intoxicated (DWI). See Tex. Rev. Civ. Stat. Ann. art.
6701l-1(e) (Supp. 1991) (increasing punishment for three or more
DWI offenses to felony level). In a felony DWI case, the
prosecution must prove that the defendant has two or more prior DWI
convictions. Id.

 During voir dire, panel member Brewer indicated she would
be unable to disregard appellant's prior convictions when
determining his culpability for the present offense. When the trial court overruled appellant's challenge for cause to Brewer,
appellant used a peremptory challenge to strike her. (1)

 After the jury found appellant guilty, the trial court
set appellant's punishment at five years' incarceration, probated,
sixty days in jail as a condition of probation, and a fine of
$1,000. Appellant challenges his conviction on the basis that the
trial court erroneously overruled his challenge for cause against
Brewer.



DISCUSSION AND HOLDING


1. Appellant Preserved Error

 As an initial issue, we will address the State's
contention that appellant did not preserve error regarding the
trial court's failure to excuse Brewer for cause. Specifically,
the State complains that appellant failed to allege some fact which
rendered Brewer incapable or unfit to serve on the jury. See Tex.
Code. Cr. P. Ann. art. 35.16(a) (1989); Tex. R. App. P. Ann. 52(a)
(Pamph. 1990). We disagree.

 A challenge for cause must inform the trial court of the
basis for the objection, thereby affording the court an opportunity
to rule on the challenge. Purtell v. State, 761 S.W.2d 360, 365
(Tex. Cr. App. 1988), cert. denied, 490 U.S. 1059 (1989). In
addition, the challenge must give opposing counsel an opportunity
to remove the objection or supply other testimony. Id. at 365-66. 
A challenge for cause is sufficient, therefore, if the basis for
the objection is apparent from the context. See also Tex. R. App.
P. 52(a).

 Appellant leveled challenges for cause against Brewer and
several other panel members on the ground that they had
demonstrated an inability to set aside appellant's prior
convictions. The trial court sustained appellant's objections to
the other panel members, then called Brewer to the bench and asked
her whether she could disregard the prior convictions. The
prosecutor cross-examined Brewer along the same lines. Therefore,
the ground for appellant's challenge to Brewer was readily apparent
from the context. The State's contention is without merit.



2. The Trial Court Erred in not Excusing Panel Member Brewer

 Appellant alleges that panelist Brewer was biased because
she could not follow the trial court's instruction to disregard his
prior convictions in determining his culpability for this offense. 
We agree.

 In a criminal case, the trial court must excuse for cause
a potential juror who has "a bias or prejudice against any of the
law applicable to the case upon which the defense is entitled to
rely." Tex. Code Cr. P. Ann. art. 35.16(c)(2) (1989). A trial
court generally may not exclude a panelist for cause if the
panelist can set aside any bias or prejudice and fairly determine
the issues. Hernandez v. State, 757 S.W.2d 744, 750 (Tex. Cr. App.
1988). When, however, a challenged panelist has demonstrated bias
as a matter of law, the trial court must excuse the panelist even
if the panelist purports to be able to set aside the bias and
follow the law. Williams v. State, 565 S.W.2d 63, 65 (Tex. Cr.
App. 1978). The erroneous overruling of a challenge for cause is
per se harmful error. See Holloway v. State, 666 S.W.2d 104, 108
(Tex. Cr. App. 1984).

 We have reviewed the record in this case and we conclude
that panelist Brewer demonstrated bias as a matter of law. In
response to direct questions from the court and from defense
counsel, Brewer indicated that she could not put appellant's prior
convictions out of her mind. When the trial court asked Brewer
whether she could decide the case based only on the evidence of the
subject DWI charge and without regard to the prior convictions, she
answered, "No, I don't think I could." Later the trial court asked
Brewer if she would use appellant's prior convictions to convict
him in this case. She responded, "I think I would."

 Moreover, even if Brewer were not biased as a matter of
law, she never demonstrated an ability to follow the court's
instructions and set aside her prejudices. When the prosecutor
read the specific instruction regarding the prior convictions to
Brewer and inquired whether she could follow it, her best response
was "I think so." Accordingly, Brewer was never rehabilitated. 
Under these circumstances, the trial court erred in not excusing
Brewer when appellant challenged her for cause.

 The State insists that the question of whether Brewer was
biased was one of fact for the trial court to decide. We must
defer to a trial court's decision on a challenge for cause when the
panelist gives conflicting answers or vacillates between different
responses. White v. State, 779 S.W.2d 809, 820 (Tex. Cr. App.
1989), cert. denied, 110 S. Ct. 2575 (1990). This is because the
trial court is in a position to assess the panelist's demeanor and
sincerity. Id. In this case, Brewer did not vacillate, nor did
her answers conflict. Rather, throughout the voir dire she
maintained that the prior convictions would affect her. 
Consequently, we are not required to defer to the trial court's
determination that Brewer was not biased.



CONCLUSION


 We sustain appellant's first and second points of error. 
Accordingly, we reverse appellant's conviction and remand this
cause for further proceedings. Because we resolve this appeal on
these grounds, we will not reach appellant's other points of error. 
See Tex. R. App. P. Ann. 90(a) (Pamph. 1990).




 ____________________________________


 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]


Reversed and Remanded


Filed: June 19, 1991


[Publish]\[Do Not Publish]
1. Appellant otherwise complied with the procedural steps
for preserving error with respect to an overruled challenge for
cause. See Harris v. State, 790 S.W.2d 568, 581 (Tex. Cr. App.
1989).