TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00743-CR







Steven Dunlap, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0944260, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







 This is an appeal from an order revoking the grant of community supervision. Appellant
Steven Dunlap, on his plea of guilty, was convicted of the offense of indecency with a child. See Tex. Penal
Code Ann. § 21.11(a)(1) (West 1994). On November 21, 1994, appellant's punishment was assessed
at imprisonment for ten years and the trial court granted appellant community supervision.

 On October 4, 1995, a motion to revoke community supervision was filed. In that motion,
the State alleged appellant violated the three conditions of community supervision that he: (1) avoid the use
of all alcoholic beverages; (2) report to his Community Supervision Officer on the second Wednesday of
each month; and (3) have no contact with the victim, either in writing, in person, or by phone until granted
permission. Appellant entered a plea of true to each of the alleged violations. After the revocation hearing,
the trial court entered its order revoking community supervision. The trial court reduced appellant's
punishment from ten to three years and imposed sentence. The trial court had refused to revoke community
supervision in two separate cases in which the State had sought revocation.

 On appeal, appellant presents two points of error asserting that:


The trial court's revocation of Dunlap's probation was an abuse of discretion violating
Dunlap's state and federal right to due process when the specifically stated basis was not
a violation alleged by the State in it's motion to revoke.


The written order revoking Dunlap's probation was invalid when it did not reflect the
court's judgment announced on the record.


 Appellate review of an order revoking probation is limited to the issue of whether the court
abused its discretion. Barnett v. State, 615 S.W.2d 220, 222 (Tex. Crim. App. 1981); Jackson v. State,
915 S.W.2d 104, 106 (Tex. App.--San Antonio 1996, no pet.). In considering the propriety of the trial
court's revocation of probation, a reviewing court will review such action only for an abuse of discretion. 
Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980); Stevens v. State, 900 S.W.2d 348,
351 (Tex. App.--Texarkana 1995, pet. ref'd). One sufficient ground for revocation will support the
court's order revoking probation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980);
Sanchez v. State, 603 S.W.2d 869, 971 (Tex. Crim. App. 1980); Williams v. State, 910 S.W.2d 83,
86 (Tex. App.--El Paso 1995, no pet.). A defendant's plea of true, standing alone, is sufficient to support
revocation of probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Burns v. State, 835 S.W.2d 733, 735 (Tex.
App.--Corpus Christi 1992, pet. ref'd); Pequeno v. State, 710 S.W.2d 709, 711 (Tex. App.--Houston
[1st Dist.] 1986, pet. ref'd).

 Appellant's contention that he was deprived of his constitutional rights was not raised in
the trial court, and therefore, presents nothing for review. Branch v. State, 477 S.W.2d 893, 895 (Tex.
Crim. App. 1972). Constitutional errors may be waived by failure to object on those grounds at trial. 
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Briggs v. State, 789 S.W.2d 918, 921
(Tex. Crim. App. 1990).

 Appellant's argument is based on the trial court's statement made after hearing evidence
on the motion to revoke.


 THE COURT: All right. Steven Dunlap, come forward, please.


 State's filed a Motion to Revoke, and you've pled true to the Motion to Revoke,
and that alone is legally sufficient for the Court to revoke your probation; however, in
Cause No. 94-2625 on forgery and Cause No. 94-2463 on passing, I'll continue on
probation on both of those cases under the same terms and conditions you're under now.


 Now, Cause No. 94-4260, Steven Dunlap, you're on ten years probation for
indecency, and that does present a problem to the Court. While you have pled true to the
violation of conditions of probation, drinking some champagne on the holidays doesn't
bother me particularly. Continuing to see your stepdaughter when you were ordered not
to is bad. I understand the reasons you did that, but that's bad. I don't know about
deviant masturbation, but cruising the malls, it says here, targeting children, is something
that the Court just can't live with. I'm going to find that in Cause No. 94-4260, Steven
Dunlap, you have violated your probation. Your probation is revoked. Your punishment
assessed at three years in the Institutional Division of the Texas Department of Criminal
Justice. I will give you credit for your back time, and you've got a lot of back time credit. 
Do you have anything to say why you should not be sentenced at this time?


 THE DEFENDANT: Judge, I'm extremely sorry that I've done what I've done. 
I've only done what I've done - - I was caught in a rock and a hard place. I didn't know
what to do. I would appreciate any leniency at all. I don't know what else to say, Your
Honor.


 THE COURT: Well, I've cut it from ten to three, and with credit for your back
time, you're not going to have to do too much.


 All right, then. You're sentenced to serve three years in the Institutional Division
of the Texas Department of Criminal Justice . . . .


 Appellant complains that the trial court's reasons for revocation stated at the conclusion
of the hearing were reasons or conditions not alleged in the motion to revoke and that the stated reasons
do not correspond to the reasons stated in the written order to revoke. Appellant argues that the trial
court's reasons for revocation stated at the conclusion of the hearing that appellant was "cruising the malls"
and "targeting children" were not alleged in the motion to revoke. Appellant also argues that the trial
court's oral pronouncement limits the grounds for revocation. Appellant is mistaken. A trial court's written
order revoking community supervision controls over an oral pronouncement. Clapper v. State, 562
S.W.2d 250, 251 (Tex. Crim. App. 1978); Albon v. State, 537 S.W.2d 267, 268-9 (Tex. Crim. App.
1976); Balli v. State, 530 S.W.2d 123, 125 (Tex. Crim. App. 1975). In this case, the trial court's written
order revoking community supervision does so on all three of the violations alleged in the motion to revoke,
any one of which would be sufficient. Furthermore, appellant failed to ask the trial court to make specific
findings of facts and conclusions of law. Therefore, he waived such findings. See McDonald v. State, 608
S.W.2d 192, 198-99 (Tex. Crim. App. 1980). Where no request for findings of fact and conclusions of
law is made, the trial court need not make such findings. Bradley v. State, 608 S.W.2d 652, 655 (Tex.
Crim. App. 1980); Mason v. State, 495 S.W.2d 248, 250 (Tex. Crim. App. 1973).

 To summarize, the State, in its motion to revoke, alleged appellant violated three conditions
of community supervision, which had been imposed when community supervision was granted. Appellant's
plea of true to these allegations standing alone supplies sufficient evidence to prove the allegations. 
Moreover, appellant admitted at the hearing he had violated the alleged conditions. The trial court's formal
written order recites that the trial court found appellant violated the three alleged conditions of community
supervision. We conclude that the trial court did not abuse its discretion in revoking community
supervision. Appellant's points of error are overruled.

 The order of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Dally*

Affirmed

Filed: April 3, 1997

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



 ordered not
to is bad. I understand the reasons you did that, but that's bad. I don't know about
deviant masturbation, but cruising the malls, it says here, targeting children, is something
that the Court just can't live with. I'm going to find that in Cause No. 94-4260, Steven
Dunlap, you have violated your probation. Your probation is revoked. Your punishment
assessed at three years in the Institutional Division of the Texas Department of Criminal
Justice. I will give you credit for your back time, and you've got a lot of back time credit. 
Do you have anything to say why you should not be sentenced at this time?


 THE DEFENDANT: Judge, I'm extremely sorry that I've done what I've done. 
I've only done what I've done - - I was caught in a rock and a hard place. I didn't know
what to do. I would appreciate any leniency at all. I don't know what else to say, Your
Honor.


 THE COURT: Well, I've cut it from ten to three, and with credit for your back
time, you're not going to have to do too much.


 All right, then. You're sentenced to serve three years in the Institutional Division
of the Texas Department of Criminal Justice . . . .


 Appellant complains that the trial court's reasons for revocation stated at the conclusion
of the hearing were reasons or conditions not alleged in the motion to revoke and that the stated reasons
do not correspond to the reasons stated in the written order to revoke. Appellant argues that the trial
court's reasons for revocation stated at the conclusion of the hearing that appellant was "cruising the malls"
and "targeting children" were not alleged in the motion to revoke. Appellant also argues that the trial
court's oral pronouncement limits the grounds for revocation. Appellant is mistaken. A trial court's written
order revoking community supervision controls over an oral pronouncement. Clapper v. State, 562
S.W.2d 250, 251 (Tex. Crim. App. 1978); Albon v. State, 537 S.W.2d 267, 268-9 (Tex. Crim. App.
1976); Balli v. State, 530 S.W.2d 123, 125 (Tex. Crim. App. 1975). In this case, the trial court's written
order revoking community supervision does so on all three of the violations alleged in the motion to revoke,
any one of which would be sufficient. Furthermore, appellant failed to ask the trial court to make specific
findings of facts and conclusions of law. Therefore, he waived such findings. See McDonald v. State, 608
S.W.2d 192, 198-99 (Tex. Crim. App. 1980). Where no request for findings of fact and conclusions of
law is made, the trial court need not make such findings. Bradley v. State, 608 S.W.2d 652, 655 (Tex.
Crim. App. 1980); Mason v. State, 495 S.W.2d 248, 250 (Tex. Crim. App. 1973).

 To summarize, the State, in its motion to revoke, alleged appellant violated three conditions
of community supervision, which had been imposed when community supervision was granted. Appellant's
plea of true to these allegations standing alone supplies sufficient evidence to prove the allegations. 
Moreover, a