NO. 07-05-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2006

_____

CHARLES STERLING MOBLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 47,640-E; HON. DAVID L. GLEASON, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Charles Sterling Mobley appeals his conviction for possessing a controlled substance and the accompanying four year sentence. The conviction occurred after the State moved to adjudicate his guilt; adjudication of the latter had previously been deferred per a plea bargain. Appellant raises six issues which we address in turn, and upon addressing them we will affirm the judgment as modified.

Issues one and two implicate the trial court's decision to adjudicate appellant's guilt. Because the issues implicate that decision, we have no jurisdiction to consider them. *Hogans v. State,* 176 S.W.3d 829, 832 (Tex. Crim. App. 2005).

Through issues three and four, appellant contends that the trial court erred in stating, within the judgment, that appellant agreed to the sentence and wished not to appeal. This purportedly was error because no evidence appears of record supporting those statements. Having reviewed the record, we agree with appellant. However, the error does not affect the conviction or sentence imposed. Thus, we will simply modify the judgment to redact those statements from it. TEX. R. APP. P. 43.2(b) (allowing an appellate court to enter the judgment which the trial court should have entered).

Through his last two points, appellant questions the validity of the sentence imposed. It is purportedly invalid because the trial court failed to take judicial notice of the evidence admitted at the original plea hearing. Thus, it had no evidence upon which to determine the amount of methamphetamine appellant possessed, which, in turn prevented it from determining the category of the crime (*e.g.* first, second or third degree felony) and the quantum of punishment to impose. Unmentioned by appellant, however, are the facts (appearing of record) that 1) the State indicted appellant for possessing "one gram or more but less than four grams" of methamphetamine, 2) appellant judicially confessed in writing to the veracity of the accusation in the indictment as part of the original plea bargain, 3) both the indictment and confession appeared in the clerk's record, and 4) the trial court expressly mentioned the confession several times before assessing punishment. As argued by appellant, the trial judge ultimately convicting him and levying sentence differed from the one who initially deferred appellant's adjudication of guilt. Given that the second

2

judge was not involved in the original plea hearing but knew of appellant's confession, that both the confession and indictment were part of the clerk's record, and that the court expressly referred to the confession, one can reasonably deduce that the trial court took judicial note of that confession as well as its scope and effect when levying sentence. *See Holloway v. State,* 666 S.W.2d 104, 108 (Tex. Crim. App. 1984) (holding that a trial court may judicially note, *sua sponte*, the case record). Furthermore, appellant cites us to nothing that pretermits a trial court from relying on a prior confession in determining the category of felony involved or in assessing punishment. Finally, we note that the punishment levied (*i.e.* four years imprisonment and an $800 fine) was well within the range allowed when one (like appellant) commits a felony of the third degree for possessing more than one but less than four grams of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(c) (indicating that such an offense is a felony of the third degree); TEX. PENAL CODE ANN. §12.34 (specifying the range of punishment for a felony of the third degree to be imprisonment up to ten years and a fine up to $10,000).

Accordingly, we 1) overrule issues one, two, five and six, 2) sustain issues three and four, 3) modify the trial court's judgment to redact the statements that appellant accepted the sentence and wished not to appeal, and 4) affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.

3