# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00817-CR

**Peter Scott Lindsay, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-03-882, HONORABLE CHARLES R. RAMSEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Peter Scott Lindsay appeals from a judgment revoking community supervision. In one point of error, appellant contends that his right to due process was violated when the trial court failed to make specific written findings in the judgment indicating the conditions of his community supervision that he had violated. For the reasons that follow, we affirm the judgment.

In 2004, appellant entered a plea of guilty to the offense of robbery, a second degree felony. *See* Tex. Penal Code Ann. § 29.02 (West 2011). The trial court sentenced him to ten years' confinement but suspended imposition of the sentence and placed appellant on ten years' community supervision under certain conditions. Alleging multiple violations of these conditions, the State filed a motion to revoke community supervision and impose sentence in June 2010 and an amended motion on November 9, 2010, the day of the hearing on the State's motion. In its amended motion, the State alleged that appellant violated the conditions of his community supervision by failing to

obey all the orders of the court and his supervising officer; committing the offenses of assault bodily injury, failure to identify, unlawful restraint, and assault; failing a drug test; failing to report to his supervising officer on one occasion; failing to make payments and fees on multiple dates; and failing to perform community service.

Appellant waived his right for additional time to prepare and agreed to go forward with the hearing on the State's amended motion to revoke. Witnesses who testified at the hearing included appellant, the victim of the alleged assaults and unlawful restraint offenses, an investigating police officer of one of the alleged assaults and the failure to identify offense, an eye-witness to one of the alleged assaults, and a probation officer who supervised appellant. After the hearing, the trial court found that appellant had violated the conditions of his community supervision and signed a judgment revoking community supervision.

Our review of an order revoking community supervision is limited to determinating whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence. *Id*. at 763–64. A finding that the defendant violated a single condition of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978))).

Appellant does not challenge the sufficiency of the evidence to support a finding that he violated a condition of community supervision. He contends that his right to due process was

2

violated when the trial court failed to make specific written findings to support its judgment revoking community supervision. Appellant urges that his ability to prosecute an appeal without findings was diminished and cites to differences in the State's original motion and its amended motion and inconsistent testimony as to the date of at least one of the alleged violations.

The United States Supreme Court has held that the "'minimum requirements of due process'" for probation revocation hearings include "'a written statement by the factfinders as to the evidence relied on and the reasons for revoking [probation].'" *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)); *see also Ex Parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (reciting requirements of due process as set forth in *Gagnon*). The Texas Court of Criminal Appeals, however, has held that a defendant must make a request for specific findings and that, in the absence of such a request, the trial court's failure to make specific findings in the revocation order is not reversible error. *See King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983).[1]

Here appellant concedes that he did not request specific findings. Further, the motion and amended motion to revoke are in the record, provided notice to appellant of the State's

---

[1] *See, e.g.*, *Mason v. State*, 495 S.W.2d 248, 250 (Tex. Crim. App. 1973); *Moreno v. State*, No. 05-11-00369-CR, 2011 Tex. App. LEXIS 9994, at *6–8 (Tex. App.—Dallas Dec. 20, 2011, no pet.) (mem. op., not designated for publication); *Ambriz v. State*, No. 14-10-00952-CR, 2011 Tex. App. LEXIS 6706, at *8 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, no pet.) (mem. op., not designated for publication) (absent request for findings, order revoking probation sufficient even though it does not recite the findings of trial court); *Albolaez v. State*, No. 05-09-01355-CR, 2011 Tex. App. LEXIS 1014, at *10 & n.2 (Tex. App.—Dallas Feb. 11, 2011, no pet.) (mem. op., not designated for publication) (requirement to request specific findings for revoking community supervision "well-settled" and declining appellant's invitation to disregard precedent from Court of Criminal Appeals).

allegations, appellant agreed to go forward with the hearing on the State's amended motion, the judgment recites that the trial court found that the alleged violations had been proven, and appellant has not challenged the sufficiency of the evidence to support the alleged violations. *See Smith*, 286 S.W.3d at 342. On this record, we overrule appellant's point of error and affirm the judgment revoking community supervision.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed:   August 28, 2012

Do Not Publish

4