TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00817-CR






Peter Scott Lindsay, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-03-882, HONORABLE CHARLES R. RAMSEY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Peter Scott Lindsay appeals from a judgment revoking community supervision. In
one point of error, appellant contends that his right to due process was violated when the trial court
failed to make specific written findings in the judgment indicating the conditions of his community
supervision that he had violated. For the reasons that follow, we affirm the judgment.

 In 2004, appellant entered a plea of guilty to the offense of robbery, a second degree
felony. See Tex. Penal Code Ann. § 29.02 (West 2011). The trial court sentenced him to ten years'
confinement but suspended imposition of the sentence and placed appellant on ten years' community
supervision under certain conditions. Alleging multiple violations of these conditions, the State filed
a motion to revoke community supervision and impose sentence in June 2010 and an amended
motion on November 9, 2010, the day of the hearing on the State's motion. In its amended motion,
the State alleged that appellant violated the conditions of his community supervision by failing to
obey all the orders of the court and his supervising officer; committing the offenses of assault bodily
injury, failure to identify, unlawful restraint, and assault; failing a drug test; failing to report to his
supervising officer on one occasion; failing to make payments and fees on multiple dates; and failing
to perform community service.

 Appellant waived his right for additional time to prepare and agreed to go forward
with the hearing on the State's amended motion to revoke. Witnesses who testified at the hearing
included appellant, the victim of the alleged assaults and unlawful restraint offenses, an investigating
police officer of one of the alleged assaults and the failure to identify offense, an eye-witness to one
of the alleged assaults, and a probation officer who supervised appellant. After the hearing, the trial
court found that appellant had violated the conditions of his community supervision and signed a
judgment revoking community supervision.

 Our review of an order revoking community supervision is limited to determinating
whether the trial court abused its discretion. See Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006). An order revoking community supervision must be supported by a preponderance of
the evidence. Id. at 763-64. A finding that the defendant violated a single condition of community
supervision is sufficient to support revocation. See Smith v. State, 286 S.W.3d 333, 342 (Tex. Crim.
App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial
court's order revoking' community supervision." (quoting Jones v. State, 571 S.W.2d 191, 193-94
(Tex. Crim. App. 1978))).

 Appellant does not challenge the sufficiency of the evidence to support a finding that
he violated a condition of community supervision. He contends that his right to due process was
violated when the trial court failed to make specific written findings to support its judgment revoking
community supervision. Appellant urges that his ability to prosecute an appeal without findings was
diminished and cites to differences in the State's original motion and its amended motion and
inconsistent testimony as to the date of at least one of the alleged violations.

 The United States Supreme Court has held that the "'minimum requirements of due
process'" for probation revocation hearings include "'a written statement by the factfinders as to the
evidence relied on and the reasons for revoking [probation].'" See Gagnon v. Scarpelli,
411 U.S. 778, 786 (1973) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)); see also
Ex Parte Carmona, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (reciting requirements of due
process as set forth in Gagnon). The Texas Court of Criminal Appeals, however, has held that a
defendant must make a request for specific findings and that, in the absence of such a request, the
trial court's failure to make specific findings in the revocation order is not reversible error. See King
v. State, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983). (1)

 Here appellant concedes that he did not request specific findings. Further, the motion
and amended motion to revoke are in the record, provided notice to appellant of the State's
allegations, appellant agreed to go forward with the hearing on the State's amended motion, the
judgment recites that the trial court found that the alleged violations had been proven, and appellant
has not challenged the sufficiency of the evidence to support the alleged violations. See Smith, 286
S.W.3d at 342. On this record, we overrule appellant's point of error and affirm the judgment
revoking community supervision.


 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed: August 28, 2012

Do Not Publish 
1. See, e.g., Mason v. State, 495 S.W.2d 248, 250 (Tex. Crim. App. 1973); Moreno v. State,
No. 05-11-00369-CR, 2011 Tex. App. LEXIS 9994, at *6-8 (Tex. App.--Dallas Dec. 20, 2011, no
pet.) (mem. op., not designated for publication); Ambriz v. State, No. 14-10-00952-CR, 2011 Tex.
App. LEXIS 6706, at *8 (Tex. App.--Houston [14th Dist.] Aug. 23, 2011, no pet.) (mem. op., not
designated for publication) (absent request for findings, order revoking probation sufficient even
though it does not recite the findings of trial court); Albolaez v. State, No. 05-09-01355-CR,
2011 Tex. App. LEXIS 1014, at *10 & n.2 (Tex. App.--Dallas Feb. 11, 2011, no pet.) (mem. op.,
not designated for publication) (requirement to request specific findings for revoking community
supervision "well-settled" and declining appellant's invitation to disregard precedent from Court of
Criminal Appeals).