NO. 07-12-00134-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2013

BRAD VINCENT ARANDS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,985-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Brad Vincent Arands, was adjudicated guilty of the misdemeanor offense of assault causing bodily injury[1] and sentenced to serve one year of confinement in the Potter County Jail and pay a fine of $1,000.00. Appellant appeals, contending that the evidence was insufficient for the trial court to enter an order of adjudication. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011).

Factual and Procedural Background

In 2010, appellant was indicted for the offense of burglary of a habitation. Appellant entered a plea of guilty to the lesser-included offense of assault causing bodily injury. Pursuant to the plea bargain agreement, appellant was placed on deferred adjudication community supervision for a period of two years on May 25, 2011. On November 7, 2011, the State filed a motion to proceed with adjudication. The motion to proceed alleged three violations of the order granting community supervision. Specifically, the motion alleged that appellant had 1) failed to report to his supervision officer for the months of July 2011 through October 2011, 2) failed to pay his supervision fees for the months of June 2011 through October 2011, and 3) failed to make payments to the Potter County Collections Department pursuant to his agreement to do so.

The trial court conducted a hearing on the State's motion to proceed with adjudication on April 4, 2012. At the hearing, the trial court heard the testimony of Brando Ester, a representative of the Potter County Community Supervision Department, that appellant was the same person who entered the plea agreement on May 25, 2011, and that the terms and conditions of community supervision were explained to appellant and appellant was given written instructions regarding reporting. Further, appellant was informed that he was scheduled to report on May 31, 2011, for

processing.[2]  Appellant appeared on May 31 and met with his supervising officer, Nathan Stidham, and was given his normal reporting dates.

Following appellant's initial appearance at the Community Supervision Department, appellant never reported.  Stidham testified that appellant failed to appear for the months of July through October 2011.  Additionally, Stidham testified about attempts to contact appellant following appellant's failure to appear.  Stidham never saw appellant after the initial report.  The trial court also heard testimony that appellant had agreed to pay his fees in monthly payments but had never made a payment.

Following receipt of the evidence, the trial court adjudicated appellant guilty of the offense of misdemeanor assault causing bodily injury and assessed punishment at confinement in the Potter County Jail for one year and a fine of $1,000.00.  Appellant has appealed through two issues, both of which contend that the evidence was insufficient to support the trial court's judgment that he failed to report or failed to make the required payments, respectively.  We disagree and will affirm the trial court's judgment.

## Sufficiency of the Evidence

### Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination

---

[2] From the record, it is apparent that the "processing" appointment refers to the initial appointment that a person placed on community supervision has with his supervising officer.

by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). This determination is reviewable in the same manner used to determine whether sufficient evidence supported the trial court's decision to revoke community supervision. Id.; Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. Rickels v. State, 202 S.W.3d 759, 763–64 (Tex.Crim.App. 2006); Antwine, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." Rickels, 202 S.W.3d at 763–64.

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. Herald v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. See Garrett, 619 S.W.2d at 174. Proof of a violation of a single

4

term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. See Antwine, 268 S.W.3d at 636.

Analysis

Regarding appellant's failure to report, appellant contends that, since the order placing appellant on deferred adjudication, was neither offered into evidence, nor was the trial court asked to take judicial notice of same, there is no proof of the specific terms and conditions of appellant's community supervision. Therefore, according to appellant's theory, there is no proof that appellant violated the terms and conditions of his community supervision.

The Texas Court of Criminal Appeals has expressed its position that the documents memorializing the terms and conditions of appellant's community supervision should appear in the appellate record but recognized that there is no formal requirement that such documents be formally proved in a revocation hearing. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim App. 1993) (en banc); see also Horman v. State, 423 S.W.2d 317, 318 (Tex.Crim.App. 1968) ("We find no merit in the contention that it was incumbent upon the state to offer as an exhibit the order made by the same judge in the same court finding appellant guilty; assessing his punishment and placing him on probation, and showing the conditions imposed."). Here, the terms and conditions of appellant's community supervision do appear in the record before us. And, while it would have been preferable for the State to also have had the order placing appellant on community supervision introduced into evidence, the order containing the terms and conditions of probation was a part of the trial court records in

5

this cause.  See Holloway v. State, 666 S.W.2d 104, 108 (Tex.Crim.App. 1984) (en banc).  That being so, the trial court could take judicial notice of its order.  See id. (citing Fleming v. State, 502 S.W.2d 822 (Tex.Crim.App. 1973), and Mason v. State, 495 S.W.2d 248 (Tex.Crim.App. 1973)); see also Turner v. State, 733 S.W.2d 218, 221–22 (Tex.Crim.App. 1987) (en banc) (observing that, in a criminal case, a trial court may notice judicially all of its own records, including all judgments and convictions entered by it).

Moreover, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt."  Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).  Appellant's theory discounts the testimony heard by the trial court.  Specifically, Ester testified that appellant was the same person he witnessed being granted deferred adjudication on the date of entry of the plea of guilty.  Further, Ester testified that he explained the terms and conditions of community supervision to appellant, specifically the requirement to report, and that appellant signed the order placing him on community supervision. Appellant's supervising officer, Stidham, testified that he met with appellant on May 31, 2011, for the processing appointment.  As appellant's supervising officer, he discussed reporting requirements and instructions.  All of this testimony shows that appellant was made aware of his reporting requirements and that this is the very term that appellant was charged with violating.  When we apply the standard of review to the evidence, we conclude that there is more than just some evidence to support the trial court's decision that appellant violated his terms and conditions of community supervision, particularly as to the reporting requirement.  See Herald, 67 S.W.3d at 293.  Finding that appellant

6

violated a single term and condition of his community supervision is sufficient to sustain an adjudication of guilt.  See  Antwine, 268 S.W.3d at 636  Accordingly, the trial court did not abuse its discretion in adjudicating appellant guilty of the misdemeanor offense of assault causing bodily injury.  See Pierce, 113 S.W.3d at 436.  Appellant's first issue is overruled.  Inasmuch as we have overruled appellant's first issue, we need not address the second issue.  TEX. R. APP. P. 47.1.

Conclusion

Having overruled appellant's first issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.

7