Gustavo CANTU, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–019–CR.

Court of Appeals of Texas,
Corpus Christi.

May 19, 1983.

Rehearing Denied June 16, 1983.

Abel Toscano, Harlingen, for appellant.

Edna Cisneros, Dist. Atty., Raymondville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appeal is perfected from conviction for burglary of a habitation. Tex.Penal Code Ann. § 30.02 (Vernon 1974). Punishment was assessed at seven years' confinement. Appellant challenges the sufficiency of the evidence to support his conviction.

On the evening of August 21, 1981, Judge and Mrs. William Rapp returned to their home in Willacy County to find that it had been entered and various items taken. These consisted of a 12-gauge Winchester pump style shotgun, Serial No. 437441, Vintage 1927; a 410-gauge shotgun, Vintage 1938; and a programmable clock radio. The shotguns were in a navy blue wooden carrying case. The police were notified, a report filed, and an investigation conducted. That same evening, Officer Theodoso Sesperdes of the Department of Public Safety stopped appellant for a minor traffic violation. Appellant was accompanied by an unidentified passenger at the time. Upon request, appellant opened the trunk of his car. Officer Sesperdes testified that inside was a clock radio and a light brown wooden case containing two shotguns: a 410-gauge Stevens, Serial No. 94–8, and a pump style Winchester, either 12 or 20-gauge, Serial No. 437411. Appellant told Officer Sesperdes that the guns belonged to his cousin in Raymondville. The officer issued a warning citation, and appellant was sent on his way.

Several days later, the appellant was arrested. There is no evidence that the items were found in his possession at that time, or

were ever recovered at all. None of them were introduced into evidence. At the time of his arrest, appellant asserted that the items spotted in his trunk on the evening of August 21st belonged to a hitchhiker whom he had picked up.

Appellant was not seen in or around the burglarized premises on the night in question, nor were his fingerprints discovered in the house or at the point of entry. The conviction is supported only by circumstantial evidence. Since the facts of each circumstantial evidence case are unique, prior case law is only instructive and can only be used as a guide in determining the sufficiency of the evidence in a particular case. *Rodriguez v. State,* 549 S.W.2d 747, 748 (Tex.Cr.App.1977).

In deciding whether the evidence in this case is sufficient to sustain the conviction, an appellate court has a duty of ensuring that no one is convicted of a crime except on proof beyond a reasonable doubt, and in a circumstantial evidence case, upon proof excluding all the reasonable hypotheses except the defendant's guilt. *Bryant v. State,* 574 S.W.2d 109 (Tex.Cr.App.1978); *Easley v. State,* 529 S.W.2d 522 (Tex.Cr.App.1975); *Higgins v. State,* 515 S.W.2d 268 (Tex.Cr.App.1974). We view the evidence in light of the presumption that the accused is innocent. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983).

The inference or presumption of guilt in a burglary case sufficient to sustain a conviction may arise from the defendant's possession of property stolen or taken in a recent burglary. *Rodriguez v. State,* supra, at 749. However, in order to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be personal, it must be recent, it must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. Additionally, where evidence of recently stolen property is relied upon for conviction, it must be shown that the property was the identical property taken from the burglarized place. *Nelson v. State,* 505 S.W.2d 271, 272 n. 1 (Tex.Cr.App.1974); *Nichols v.*

*State,* 479 S.W.2d 277, 278 (Tex.Cr.App. 1972). It is in this last aspect, identity of the property, that the State's evidence fails.

There is no evidence that the items were positively identified as those stolen. The serial numbers given by Judge Rapp and Officer Sesperdes differed; Judge Rapp had the guns in a navy blue wooden case, while those in appellant's trunk were in a light brown wooden case; Judge Rapp described the Winchester as a 12-gauge, while officer Sesperdes testified that the Winchester in appellant's trunk was either 12 or 20-gauge. No description was given by Judge Rapp of the 410-gauge gun so as to draw a comparison with the Stevens seen in appellant's car. Neither Judge Rapp nor Officer Sesperdes gave much of a description of the clock radio. Cf. *Hardage v. State,* 552 S.W.2d 837 (Tex.Cr.App.1977); *Walker v. State,* 513 S.W.2d 39 (Tex.Cr. App.1974); and *Nelson v. State,* supra.

The application of the foregoing rules to the facts of the instant case requires us to sustain appellant's ground of error challenging the sufficiency of the evidence.

The judgment of the trial court is reversed and the prosecution ordered dismissed. *Nathan v. State,* 611 S.W.2d 69, 79 (Tex.Cr.App.1981); *Olguin v. State,* 601 S.W.2d 941, 943 (Tex.Cr.App.1980).