Saandra Gail SYKORA, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–91–163 CR.

Court of Appeals of Texas,
Beaumont.

March 16, 1994.

Paul N. Buchanan, Houston, for appellant.

Tom Maness, Dist. Atty., Rodney D. Conerly, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

### OPINION

BURGESS, Justice.

A jury convicted Saandra Gail Sykora of driving while intoxicated. The court assessed punishment at 90 days confinement in the Jefferson County Jail, probated over one year, and a $450 fine. Appellant's sole point of error complains of the trial court's denial of a challenge for cause of Venireperson Price.

During defense voir dire, counsel stated that he anticipated appellant would

testify that she had been at the beach drinking beer with her mother, but was not intoxicated when she was driving. Intoxilyzer results indicated she had an approximate blood alcohol content of .18. Venireperson Price, a nurse who worked in a hospital emergency room, responded as follows:

Q. [By Defense Counsel:] Ms. Price, do you drink?

A. [By Ms. Price:] No.

Q. Do you have any problem sitting in judgment of this kind of offense?

A. I am not sure I could be objective, because the job I have, I see too many people come in that have been driving while intoxicated, and even though they think that they are not intoxicated, we do blood alcohol and they are and they have been drinking way up into the day and they say, "Well, it has been hours since I had my last drink," and it still doesn't matter, they're still intoxicated according to the blood alcohol.

. . . .

A. So, you know, I am not sure I could do—due to the time intervals, that is, be objective about it.

. . . .

A. Well, I actually have a reasonable doubt because I have seen where the officers have actually given the people more of a chance than what I have seen that they even deserved, at times, and I am speaking from my point of view. Because they actually have given them a break.

. . . .

A. I mean, that is just—my opinion is you can't erase past experiences out of your mind, no matter what you do.

. . . .

A. Well, I would like to say, though, I could be totally objective, but I am not for sure that I can erase the past experiences in my mind of my job of seeing what I have seen, to say that I can be totally objective. It would not, you know, *I can't say that and be fair.* [emphasis added]

. . . .

Q. [By defense Counsel:] Mrs. Price, we earlier were talking about your experiences in the trauma care, I take it?

A. Yes.

Q. And you felt like some of the things that were raised in line in that trauma care would be hard to set aside to the point where you were not sure that you could render a fair verdict in this case, and that some of the things that you personally observed some of the officers do, and potential DWI's, or what to do, made you feel that perhaps the officers leaned over backwards in not charging the people and you felt like that maybe [sic] a problem, in that you weren't sure that you could set those things aside and give them fair judgment in this case. Is that pretty much in capsule what you told me?

A. Yes, sir.

. . . .

Q. [By Prosecutor:] So what you're saying is that even if the State does not prove every element beyond a reasonable doubt, that you could come back with a verdict of guilty, irregardless?

A. No, but it means I probably would be leaning more toward the State than I would the defendant.

Q. Prejudiced against the defendant?

A. I think it would, simply with respect that I had situations where I see people that drink all the time, and they say, "Well, I only had two beers at 2:30 and yet, when we do blood alcohol, they're legally intoxicated. A lot of times, that time interval does not mean a lot if you have [sic] drink on an empty stomach, you know, and if you haven't had anything to eat and the alcohol is there—

Q. What you're saying is you couldn't fairly listen to the facts and render a verdict that you believe is just, based on the facts or the evidence presented here?

A. Well, I would try my best to be objective. I am not saying that I will be just outright prejudiced.

Q. But you would try your best to be objective?

A. Yes, I would try my best to be objective.

. . . .

THE COURT: The defendant has a constitutional right to a fair trial.

A. Oh, I know that. I take that very serious.

THE COURT: Can you—all you know, about your experience, in the forefront of your mind, do you think you could be able to give her a fair trial?

A. I feel in my opinion I would try my best, the best I could, to be objective and give her that fair trial. I would not purposely go about and say she is guilty. I'm just saying in my past experience of being a nurse, you know, what I do, I want to make sure that they understood that I would try to [sic] do what I could. I can't erase the past from my mind either. It doesn't fit.

. . . .

Q. [By Defense Counsel:] What you're saying, though, is that if [sic] your line of work, it would be extremely difficult to put those feelings aside, is that correct?

. . . .

A. I feel like it would be hard to say that I don't know, you know, what could have happened, you know, what I mean is I've dealt with it so many times.

Q. You cannot say for sure that you are sure that you can approach this, is that the long and short of this thing?

A. Yes, I would try to, but I am not saying I perfectly could put all that back there and say, "Well, . . ."

A challenge for cause may be made if the juror has a bias or prejudice in favor of, or against the defendant. TEX.CODE CRIM.PROC. ANN. art. 35.16(a)(9) (Vernon 1989).

■ In ruling on the qualifications of potential jurors, the trial court must determine whether their views would prevent or substantially impair their duties as jurors to act in accordance with the trial judge's instructions and the jurors' oaths. *Kemp v. State*, 846 S.W.2d 289, 295 (Tex.Crim.App. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993). The trial judge's ruling will be reversed only for clear

abuse of discretion. *Id.* at 297. Ms. Price initially stated that she was not sure she could be objective because in her experience people who were in fact intoxicated would claim they had consumed a limited number of drinks earlier in the day. This was precisely appellant's version of the facts. Under further questioning, the juror clearly expressed a bias against the defendant and stated that in her opinion she could not set aside her personal experience. She acknowledged the importance of objectivity, and stated her desire to be objective, but she never clearly stated that she would or could in fact achieve the necessary objectivity. In this case, the venireperson expressed preconceived notions, but did not express an ability to set aside whatever preconceived notions she might have. We find the trial court erred in denying appellant's challenge for cause.

■ Appellant established harm by exhausting her peremptory challenges, requesting an additional challenge, and identifying an objectionable juror who actually served on the jury which ultimately convicted her.[1] *Narvaiz v. State*, 840 S.W.2d 415, 427 (Tex. Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The point of error is sustained. We reverse the judgment of the trial court and remand the cause for new trial on the merits.

REVERSED AND REMANDED.

---

1. There were fourteen persons on the venire, and one person was excused for cause. The panel would not have been quashed as a result of granting the challenge or allowing appellant an additional peremptory strike.