**Bridgett Nell BENSON, Appellant**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00039–CR.**

Court of Appeals of Texas,
Eastland.

Oct. 25, 2007.

Discretionary Review Refused
March 5, 2008.

ry of a habitation and theft of property of a value over $1,500 but less than $20,000. The jury assessed her punishment for the burglary at ten years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000 and recommended that it be suspended and Benson placed on community supervision. Benson was placed on community supervision for six years. The trial court ordered her to a court residential treatment facility for an indeterminate term not to exceed twenty-four months. She was assessed confinement in jail for seventy-five days as a condition of her community supervision or until she was transferred to the community treatment facility. The jury assessed her punishment for the theft at one year in the Texas Department of Criminal Justice, State Jail Division, and a fine of $500. Benson contends in three issues that the evidence is legally insufficient to support her conviction, that the trial court abused its discretion in denying her challenge for cause to a member of the venire panel, and that the trial court abused its discretion in allowing the State to go into extraneous offenses. We affirm.

Benson urges in issue three that the evidence is legally insufficient to support her convictions. In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Benson suggests that the evidence is insufficient because there is no direct evi-

Thomas S. Morgan, Attorney At Law, Midland, TX, for appellant.

Teresa J. Clingman, Dist. Atty., Eric Kalenak, Asst. Midland County Dist. Atty's Office, Midland, for appellee.

Panel consists of: McCALL, J., STRANGE, J., and HILL, J.[1]

## OPINION

JOHN G. HILL, Justice.

Bridgett Nell Benson appeals her conviction by a jury of the offenses of burgla-

[1]. John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

dence that she committed either the burglary or the theft, and the description of property that she had in her possession was insufficient for the jury to have found that it was the property taken. Morris Mayberry, Benson's stepfather, testified that on November 24, 2004, when he went at about 9:30 a.m. to take his wife to the doctor, he left Benson in his home with two children to look after, her own child and her grandchild. He indicated that, when he returned that evening just about dark, the front door was wide open, the back door was wide open, things were thrown all over the floor, and a door had been broken. Mayberry indicated that the items taken included cash, two necklaces, a watch, two guns, a Game Cube, and a DVD player.

Mayberry described one of the necklaces as a diamond necklace to which his wife added a diamond every Mother's Day, Easter, Valentine's Day, and her wedding anniversary. He said there was also another necklace. He related that he had a watch that his son had given him from Germany. He described the guns taken as a .32 caliber pistol and a pearl-handled .38 pistol.

Theodore Roosevelt Macklin, a constable in Midland County, testified that he is the father of Benson's son, one of the children she was caring for on the day in question at Mayberry's house. He indicated that he picked up his son from Benson at the Mayberry residence about five in the afternoon and stayed there for about forty-five minutes. He related that Benson told him that her boyfriend was there at the house.

Macklin testified that he later returned to the Mayberry residence after Mayberry called and told him what had happened. He indicated that while there he noticed that his son's Game Cube with the Game Boy attached was missing, along with a DVD player. He stated that he saw a driver's license of Dennis Sterling that had been found on the floor.

Macklin testified that, after leaving the residence, he decided to go to some drug houses to see if Benson had tried to sell any of the property because that is what had happened in the past. He indicated that, after stopping at one of the houses and asking about the Game Cube, Game Boy, and DVD player, he was called back shortly after he had left. He said that one of the persons at the house had the items.

Angela Denise Hutson testified that, right before Thanksgiving in 2004, Benson came by her house and asked her if she would be interested in buying some jewelry. She said Benson showed her a necklace. She indicated there was a watch also. She related that the necklace was pretty and had little diamond things on it. Hutson could not recall whether the watch was a man's or woman's watch.

Dennis Tyrone Sterling testified that while at the home of Benson's daughter he gave his driver's license to Benson's boyfriend and that she was with him. He said he left it as assurance that he would return with the proceeds from the sale of property that he was going to sell for them. He denied ever being present at the Mayberry residence.

Dedrick Andre Price testified that on or around November 24, 2004, Benson came to his home with a game and DVD player that she wanted to sell. He indicated that the game was like a little square box that is hooked up to a television. He said he returned them to "Rooster." Macklin had previously testified that a lot of people knew him by his nickname "Rooster."

■ We hold that the evidence is sufficient to support Benson's conviction. Benson urges that the evidence is insufficient because the property that she possessed was insufficiently described to show that it

was the same property as that stolen from Mayberry. She relies on the case of *Cantu v. State*, 655 S.W.2d 278 (Tex.App.-Corpus Christi 1983, no writ). We find *Cantu* to be distinguishable. First, in *Cantu*, the description of the property in possession of the defendant varied from the description of the property taken. *Id.* at 279. In this case, Benson was shown having several items similar to those taken without there being any variance between the description and the items she had in her possession. Also, in *Cantu*, the defendant was not shown to be at the premises at the time of the burglary. *Id.* In the case at bar, Benson was apparently at the premises near the time when the burglary and theft would have been committed. Also, as candidly noted by Benson, *Cantu* utilized the analytical construct that in circumstantial evidence cases the evidence must exclude all reasonable hypotheses except the defendant's guilt. *Id.* That analytical construct was abandoned in *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim. App.1991). As noted by Benson, a conviction may no longer fall because the property possessed is not shown to be the identical property taken. *Rogers v. State*, 929 S.W.2d 103, 108 (Tex.App.-Beaumont 1996, no pet.). We overrule issue three.

■ Benson insists in issue one that the trial court abused its discretion when it overruled her challenge for cause of a potential juror who displayed bias toward her. One veniremember, when asked whether she would need to hear from someone in order to find them not guilty, replied:

> I think that I have some issues that are in addition to this. My home was broken into, and all of my grandmother's silver was stolen and all of my husband's guns and a lot of things. And the home was—anyway, that, and on another occasion I had $20,000 stolen

from me. I think I just really have a little problem.

When asked if she felt that, because of those prior experiences, she could "not set them aside," she responded, "I don't know." Defense counsel told her that a "yes" or "no" answer was needed. When he said, "If you are telling us 'I can't say yes,' then-," she replied, "Probably I'm saying no." When asked if she probably would be affected, she replied, "It would be difficult for me. That's as far as I can go." Benson subsequently challenged the veniremember for cause.

After the veniremember had been challenged for cause, she was asked whether the fact that she had been a victim of burglary or theft would form a bias in her mind in regard to this case. She replied, "I would try very hard to be fair." When asked by the trial court whether she could be impartial based on her previous life experiences, she answered, "I would certainly try to." The court then asked, "Do you believe that your—do you think that forms a bias in regard to this case, just without how it's going to affect you, do you think it—." The veniremember replied, "I know you want a 'yes' or a 'no,' but I have to tell you that those experiences are part of me." When again asked by the court if her experiences created a bias in her mind in this case, the veniremember replied that it would but then indicated that it would not affect her verdict.

■ Bias exists as a matter of law when a prospective juror admits that he is biased for or against a defendant, admits prejudice against persons who use intoxicating beverages when the defendant is charged with an offense involving liquor, or admits or demonstrates prejudice toward a racial or ethnic class of which the defendant is a member. *Green v. State*, 840 S.W.2d 394, 404–05 (Tex.Crim.App. 1992).

■ When a veniremember is shown to be biased as a matter of law, he must be excused when challenged even if he states that he can set his bias aside and provide a fair trial. *Id.* at 405. However, it is left to the discretion of the trial court to initially determine whether such a bias exists, and the court's decision will be reviewed in light of all the answers given. *Id.* We hold that the trial court in this cause could reasonably have determined that, like the potential veniremember in *Green,* the veniremember in this case harbored animosity toward those committing the offenses of burglary or theft but harbored no bias toward Benson particularly and would not allow her feelings to affect her verdict. Therefore, the trial court did not abuse its discretion in overruling Benson's challenge for cause.

Benson principally relies upon the opinions in *Holloway v. State,* 666 S.W.2d 104 (Tex.Crim.App.1984); *Williams v. State,* 565 S.W.2d 63, 65 (Tex.Crim.App.1978); and *Sykora v. State,* 872 S.W.2d 323 (Tex. App.-Beaumont 1994, no pet.). We find all of these cases to be distinguishable.

In *Holloway,* the veniremember never clearly stated, as did the veniremember in this cause, that her feelings resulting from numerous burglaries at her home would not affect her verdict. *Holloway,* 666 S.W.2d at 108. In *Williams,* the veniremember's bias was directed against the defendant because of personal feelings. In this case, the veniremember was not shown to have a bias against the defendant personally. *Williams,* 565 S.W.2d at 65. In *Sykora,* the veniremember never clearly stated, in view of preconceived notions deriving from her experience as a nurse, that she could be objective. *Sykora,* 872 S.W.2d at 324. In the case at bar, the veniremember clearly stated that her feelings would not affect her verdict. We overrule issue one.

Benson asserts in issue two that the trial court abused its discretion by admitting evidence of certain extraneous offenses into evidence. She complains of evidence of her stealing items from the Mayberrys, some taken in the burglary but not included in the indictment and some taken earlier in the year, and her taking their automobile in June 2002.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX.R. EVID. 404(b). However, it is admissible for other purposes including identity, intent, and knowledge provided that the State has provided reasonable notice of its intent to produce such evidence. *Id.* Also, in theft cases, evidence that the actor has previously participated in recent transactions other than, but similar to, that upon which the prosecution is based is admissible to show knowledge and intent-issues that are raised by the actor's plea of not guilty. TEX. PEN.CODE ANN. § 31.03(c) (Vernon Supp.2006).

■ Benson complains on appeal that the evidence was improperly admitted because (1) the evidence is not relevant, (2) the probative value of the evidence was substantially outweighed by unfair prejudice to the defendant, (3) the extraneous offense of the theft or improper use of a motor vehicle was not recent, and (4) the extraneous offenses were not sufficiently similar to the offense charged in this cause. Benson made no objection at trial that the extraneous offenses were not relevant or were not sufficiently similar to the offense charged and made no objection that the probative value of the evidence was greatly outweighed by unfair prejudice to her. Consequently, nothing is preserved for review as to those complaints on appeal. TEX.R.APP. P. 33.1(a).

Benson did complain at trial that the use of the complainant's automobile was not recent. The extraneous offense in question occurred a little more than two years prior to the offense in question. "Recent" has been defined as "of or relating to a time not long past." MERRIAM-WEBSTER ONLINE DICTIONARY at *http://www.merriam-webster.com/dictionary/recent.* We consider a little more than two years ago as relating to a time not long past. We, therefore, hold that the trial court did not abuse its discretion in impliedly finding that Benson's misuse of the complainant's vehicle was recent. In arguing that it was not recent, Benson relies on the case of *Robledo v. State,* 480 S.W.2d 401 (Tex.Crim.App.1972). We do not consider *Robledo* controlling because it is a part of a line of pre-Texas Rules of Evidence cases that were tried under common-law principles that tended to favor the exclusion of evidence. *Corley v. State,* 987 S.W.2d 615, 621 (Tex.App.-Austin 1999, no pet.). The Texas Rules of Evidence favor the admission of all logically relevant evidence. *Montgomery v. State,* 810 S.W.2d 372, 375 (Tex.Crim.App.1991).

Benson also complains of the admission of Macklin's testimony that Benson had gone to a drug house to sell property similar to that taken in the burglary and theft. Benson objected on the basis that the State had failed to give her notice that it was seeking to present evidence of drug activity, contending that the evidence was imputing drug activity on her part. We hold that the evidence imputed no drug activity on Benson's part. Instead, it related to her activity in selling items similar to those taken in the burglary and theft. Because the matters presented by Benson in issue two were either not preserved for review or are without merit, we overrule issue two.

The judgment of the trial court is affirmed.