**Opinion filed August 1, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00338-CR
_____

## WILLIAM MICHAEL RODGERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F33331**

## M E M O R A N D U M   O P I N I O N

The trial court convicted William Michael Rodgers of the offense of theft of property valued at $1,500 or more but less than $20,000, a state jail felony. After a bench trial, the trial court found Appellant guilty, assessed his punishment at confinement for two years in a state jail facility and a $5,000 fine, and sentenced

him accordingly. Appellant's single challenge is to the sufficiency of the evidence supporting his conviction for theft. We affirm.

## I. *Trial Evidence*

Jeremy Blackman, a Stephens County deputy sheriff, responded to a reported theft from a site on the A.S. Veale lease. Gene Scott Dalton, a service contractor for Sheets Exploration, noticed that bearing halves and stuffing boxes were missing from the site, and he reported the theft to the Stephens County Sheriff's Department. Dalton testified that part of his job was to check oil and gas lease sites daily. On the day before he noticed that items were missing from the lease, he saw the new stuffing boxes and the bearing halves on-site. But the next day the gate was unlocked, empty boxes lay around the main pump, and the new stuffing boxes and bearing halves were gone. Dalton described the missing bearing halves as "brass backs with [B]abbitt faces" primarily used in oil field equipment and worth about $2,149.50.

Deputy Blackman finished his interview with Dalton and contacted the general manager of Erath Iron & Metal, Inc., Ron Alan Briseno, regarding the stolen goods. He described the bearing halves and stuffing boxes to Briseno. After Briseno spoke with Deputy Blackman, three individuals brought in brass bearing halves to sell to Erath Iron. The appearance of the brass bearing halves was consistent with Deputy Blackman's description of the stolen property.

When someone sells metal to Erath Iron, its employees must note the person's name, address, driver's license number, license plate, and make and model of the vehicle in which the goods were brought to Erath Iron. On this occasion, Briseno noted that information and completed the sale. He then contacted Deputy Blackman.

From the information that Briseno provided him, Deputy Blackman was able to locate the vehicle that was used to haul the goods to Erath Iron. Appellant was

2

driving the vehicle, and two other men, Michael Nipp and Ezekiel Collins, were passengers in the vehicle. When Deputy Blackman questioned the men about the sale, Appellant told Deputy Blackman that he sold some iron that Nipp found in the creek; Nipp told the deputy they sold some copper taken from an abandoned residence; and Collins told the deputy they had found the metal.

Dalton positively identified the bearing halves. Dalton testified that he knew that the bearing halves recovered from Erath Iron were the bearing halves missing from the lease because he could identify the markings on the Babbitt side of the bearing halves. Deputy Blackman testified that the parts sold by Appellant to Briseno matched the description of the stolen goods given by Dalton. Briseno testified that Dalton went to Erath Iron and identified the bearing halves as "the exact bearing halves that were taken from the lease."

## II. *Issue Presented*

Appellant argues that the State failed to prove beyond a reasonable doubt that he was guilty of theft of "bearing halves" from the A.S. Veale lease because there was no direct evidence that he sold Sheets Exploration's bearing halves, which lacked serial numbers, to Erath Iron. The State argued that the evidence proved beyond a reasonable doubt that Appellant had committed theft because Dalton's, Deputy Blackman's, and Briseno's testimony corroborated the allegation that the bearing halves from Sheets Exploration were the ones stolen by Appellant and sold to Erath Iron. The question before this court is: Did the State prove with sufficient evidence that Appellant committed theft of bearing halves worth more than $1,500 but less than $20,000?

## III. *Standard of Review*

We view the sufficiency of the evidence supporting a conviction in a light most favorable to the verdict and ask "whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Garcia v.*

3

*State*, 367 S.W.3d 683, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The trier of fact, the trial court, is the sole judge of the credibility of the witnesses and the weight, if any, to be given to their testimony. *Id.*; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op). We defer to the "responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 319 (1979)).  We resolve any inconsistencies in the testimony in favor of the verdict.  *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The State may prove the elements of an offense by either direct or circumstantial evidence.  *Hooper*, 214 S.W.3d at 13.  In a sufficiency review, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt."  *Id.* (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). We determine "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."  *Garcia*, 367 S.W.3d at 687.  If the record supports conflicting inferences, we presume that the factfinder resolved the conflict in favor of the prosecution and defer to that resolution.  *Id.*; *see Brooks*, 323 S.W.3d at 899 n.13.

## IV.  *Sufficiency of the Evidence*

Appellant urges in his sole issue that the evidence is insufficient to establish the elements of theft.  To prove the offense of theft, the State must prove that Appellant appropriated property valued between $1,500 and $20,000 with the intent to deprive the owner of the property and without the owner's effective consent.  TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2012).  Appellant does

not individually dispute each element of the offense; Appellant suggests only that the evidence is insufficient because there is no direct evidence that he committed the theft.

Appellant urges that the evidence fails to establish that the bearing halves claimed by Dalton as those owned by Sheets Exploration were the exact bearing halves sold to Erath Iron. However, it is unnecessary for the State's evidence to exclude every other possible hypothesis but that of the accused's guilt, as long as sufficient links connect the accused to the crime. *Sonnier v. State*, 913 S.W.2d 511, 516 (Tex. Crim. App. 1995); *Benson v. State*, 240 S.W.3d 478, 482 (Tex. App.—Eastland 2007, pet. ref'd); *Harris v. State*, 133 S.W.3d 760, 764–65 (Tex. App.—Texarkana 2004, pet. ref'd). Appellant sold several items similar to those taken without there being any variance between Dalton's description and the items Appellant sold to Erath Iron.

It is well established that a factfinder can determine the identity and ownership of stolen property from circumstantial evidence. *See Jordan v. State*, 707 S.W.2d 641, 644–45 (Tex. Crim. App. 1986) ("Proof of ownership may be made by circumstantial evidence, just as any other issue in a criminal case."); *Jones v. State*, 458 S.W.2d 89, 91–92 (Tex. Crim. App. 1970) ("[A]rticles in an accused's possession may be identified by circumstantial evidence as well as by direct testimony. If it appears it or they correspond with articles that were stolen, the question may go to the jury.").

Here, Dalton described the missing bearing halves as "brass backs with [B]abbitt faces" worth $2,149.50 and used in oil field equipment. Dalton positively identified the bearing halves by the wear pattern on the Babbitt side. Dalton testified that he knew the bearing halves recovered from Erath Iron were the bearing halves from the A.S.Veale lease because he could identify the markings on the Babbitt side of the bearing halves.

Briseno said three individuals brought in brass bearing halves consistent with Deputy Blackman's description of the stolen property. Briseno recorded the required information about Appellant and completed the sale. Deputy Blackman identified the parts sold to Briseno as matching the description given by Dalton. Briseno testified that Dalton went to Erath Iron and identified the bearing halves as "the exact bearing halves that were taken from the lease."

Deputy Blackman questioned Appellant and two others about the sale; Appellant told Deputy Blackman that he sold some iron that Nipp found in the creek, while Nipp and Collins gave different accounts. Deputy Blackman identified the bearing halves as the same ones that Dalton described as stolen. We hold that the evidence is sufficient to support Appellant's conviction.

## V. *Conclusion*

Viewing the evidence in the light most favorable to the verdict, a rational factfinder could reasonably have found that the bearing halves described at trial as those sold to Erath Iron by Appellant were those stolen from Sheets Exploration at the A.S. Veale lease. Therefore, the State proved with sufficient evidence that Appellant committed theft of bearing halves worth more than $1,500 but less than $20,000. We overrule Appellant's sole issue on appeal.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.


                                                    MIKE WILLSON

August 1, 2013                                      JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

6