**AFFIRMED as Modified; Opinion Filed May 12, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00470-CR

**EDWARD FRANK WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1324143-I**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Edward Frank Williams appeals the trial court's judgment convicting him of aggravated robbery, enhanced by two prior convictions. Williams pleaded guilty to the offense and true to the enhancement paragraphs. After finding Williams guilty, the jury found the enhancements true and assessed his punishment at seventy-five years of imprisonment.

In one issue on appeal, Williams argues that, during the hearing on punishment, the trial court erred when it admitted photographs of the complainants' injuries because: (a) the photographs were cumulative of the complainants' testimony; and (2) the probative value of the photographs was outweighed by the danger of unfair prejudice so the photographs should have been excluded pursuant to Texas Rule of Evidence 403. In a cross-issue, the State argues the judgment does not correctly reflect that Williams pleaded guilty to the offense.

We conclude that Williams has waived his sole issue on appeal. Also, we conclude the judgment incorrectly states that Williams pleaded not guilty and modify the judgment accordingly. The trial court's judgment is affirmed as modified.

## I. ADMISSIBILITY OF PHOTOGRAPHS

In his sole issue on appeal, Williams argues that, during the hearing on punishment, the trial court erred when it admitted photographs of the complainants' injuries because: (a) the photographs were cumulative of the complainants' testimony; and (2) the probative value of the photographs was outweighed by the danger of unfair prejudice, so the photographs should have been excluded pursuant to Texas Rule of Evidence 403. The State responds that Williams has failed to preserve this issue for appellate review because he did not object to the admission of the photographs during the hearing on punishment.

### A. Applicable Law

An appellate court may not address the merits of an issue that has not been preserved for appeal. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009); *Benson v. State*, 240 S.W.3d 478, 483 (Tex. App.—Eastland 2007, pet. ref'd) (holding relevance and unfair prejudice complaints not preserved for appellate review when no objection made at trial). To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. *See* Tex. R. App. P. 33.1. When a defendant affirmatively asserts that he has "No objection" to the admission of evidence, he waives his right to complain on appeal. *See Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010).

### B. Application of the Law to the Facts

During the hearing on punishment, the State offered into evidence exhibits 48–61, which consisted of approximately 211 photographs, twelve of which depicted the complainants' injuries. In response, defense counsel stated, "No objection." The trial court admitted the

exhibits into evidence. Accordingly, we conclude that Williams has waived this issue. *See* TEX. R. APP. P. 33.1; *Estrada*, 313 S.W.3d at 302 (when defendant affirmatively asserts "No objection" to evidence, he waives right to complain on appeal).

Issue one is decided against Williams.

## II. MODIFICATION OF THE JUDGMENT

In a cross-issue, the State requests this Court to modify the judgment to correctly reflect that Williams pleaded guilty to the offense. An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgment so that the portion of the judgment that reads "Plea to the Offense: NOT GUILTY" is modified to read "Plea to the Offense: GUILTY."

The State's cross-issue is decided in favor of the State.

## III. CONCLUSION

Williams has waived his sole issue on appeal. Also, the judgment incorrectly states that Williams pleaded "Not Guilty" and the judgment is modified accordingly.

The trial court's judgment is affirmed as modified.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150470F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EDWARD FRANK WILLIAMS, Appellant

No. 05-15-00470-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1324143-I.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment that reads "Plea to the Offense: NOT GUILTY" is modified to read "Plea to the Offense: GUILTY."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 12th day of May, 2016.