

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00351-CR

_____

LEON WILLIAMS, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from County Criminal Court No. 3
Denton County, Texas
Trial Court No. CR-2016-01537-A

_____

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Leon Williams appeals from his conviction for theft between the amounts of $750 and $2,500. In a single issue, he challenges the sufficiency of the evidence to prove that the appliances found in his rental truck had been stolen and that they were valued at between $750 and $2,500. Because the evidence circumstantially established that the found appliances were the stolen property alleged in the information and that their value was within the statutory range, we affirm the trial court's judgment.

## I. BACKGROUND

In the early morning hours of October 30, 2015, Jeremy Boydston—a loss-prevention manager for a Lowe's in Denton County—saw a Budget rental truck drive around to the back of the store. He testified this was not normal at 4:00 a.m. at Lowe's. Boydston watched the truck on a security camera and saw it back up to a Lowe's storage trailer. Boydston knew that the locked trailer contained used appliances Lowe's sells to salvage yards and he testified that he had never given permission to a nonemployee to enter the trailer. As Boydston watched, he saw the trailer doors open; he called the store's manager and the police.

When Officer Marquilla Kilson arrived at the scene, she saw the truck backed up to the trailer. She heard "banging inside" the truck that sounded like "things being thrown" inside of it. She also could hear people inside the truck but was unable to

identify any person in the dark. Kilson did not attempt to confront the individuals, electing "for safety reasons" to wait for backup to arrive.

Officer Yancy Green arrived at the scene shortly afterwards and saw the truck speed out of the parking lot. Green stopped the truck, which Brian Rayford was driving and in which Williams was the passenger. After Green got them out of the truck and informed them of their rights, Rayford and Williams told Green that they were "scrapping," which Green explained was collecting discarded "junk" or scrap metal to sell for a profit. Williams stated that he had permission to go "scrapping" at Lowe's but he could not remember who had given him this permission. Williams asserted that the items he had gathered behind Lowe's had been on the ground around the outside of the trailer.

Green's back-up officer searched the truck and found a pair of bolt cutters between the driver's and passenger's seats. He also found a rental agreement for the Budget truck in Williams's name. In the back of the truck, the officers found several used appliances: cooking ranges, clothes washers, and dryers. Green asked Boydston if he had any inventory documentation to verify by serial number that the found appliances were from Lowe's, but Boydston had none.[1] Boydston later valued these

---

[1] When Lowe's installs new appliances for their customers, Lowe's takes possession of the old appliances and stores them in the trailer. Boydston testified that Lowe's does not log any individually identifying information—such as a serial number, make, or model—for each used appliance they acquire. Lowe's then periodically sells the used appliances to salvage or recycling companies, with prices based on the total volume of the storage trailer.

appliances at approximately $1,200 to $1,500. Another loss-prevention employee for Lowe's, Brian Townley, valued the appliances found in the truck at approximately $850 to $1,100.

Williams was arrested and charged with theft in an amount greater than $750 and less than $2,500. *See* Tex. Penal Code Ann. § 31.03(a), (e)(3). A jury found Williams guilty of the charged offense, and the trial court assessed punishment at one year's confinement with a $4,000 fine. On appeal, Williams challenges the sufficiency of the evidence to support his conviction.

## II. SUFFICIENCY OF THE EVIDENCE

When reviewing a claim like Williams's, we view all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the crime's essential elements beyond a reasonable doubt. *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). This standard of review is the same for direct- and circumstantial-evidence cases because circumstantial evidence is as probative as direct evidence in establishing guilt. *Id.* at 733. We presume that the fact-finder resolved any conflicting inferences from the evidence in favor of the verdict and must defer to that resolution. *Id.*

The essential elements of theft that the State was required to prove beyond a reasonable doubt were that Williams unlawfully appropriated property, valued at between $750 and $2,500, with the intent to deprive the owner of that property. Tex. Penal Code Ann. § 31.03(a). Williams argues that the State failed to sufficiently prove

4

two of these elements: that the appliances found in the truck were owned by Lowe's and were valued at between \$750 and \$2,500.

First, Williams contends that the evidence was insufficient to establish that the appliances found in the truck were owned by Lowe's based on (1) Boydston's testimony that he could not confirm by serial number or otherwise whether the appliances found in the rental truck had been taken from the Lowe's trailer and (2) Townley's testimony that the appliances found in the truck possibly could have come from somewhere other than Lowe's. Williams relies on *Chenevert v. State* in which an appellate court found insufficient evidence to support a theft conviction. No. 01-06-00806-CR, 2007 WL 4283367, at \*3–4 (Tex. App.—Houston [1st Dist.] Dec. 6, 2007, no pet.) (mem. op., not designated for publication).

In *Chenevert*, Dianndrea Telsey was seen shoplifting on camera by the store's loss-prevention employees and was detained. *Id.* at \*1. The loss-prevention employees also detained Angela Chenevert, who had been seen shopping with Telsey, outside of the store. *Id.* Officers found two pairs of jeans bearing a store-exclusive brand in the glove compartment of Telsey's car. *Id.* Chenevert, who had been alone in Telsey's car, did not have a receipt for the jeans. *Id.* The loss-prevention employees did not see Chenevert take anything or act suspiciously while shopping with Telsey, but she was occasionally out of sight of the security cameras. *Id.* The appellate court held that because there was no evidence that Chenevert "consciously asserted any right to the jeans concealed in Telsey's glove compartment" and because

5

there was no evidence that the jeans had been unlawfully appropriated, the evidence was legally insufficient to support Chenevert's theft conviction even though she had had access to Telsey's car. *Id.* at \*3–4.

Here, the evidence of Williams's guilt is more compelling than that in *Chenevert*. Williams's rental truck was watched continuously from the time the truck arrived at Lowe's in the early-morning darkness to the time Williams and Rayford were apprehended by the police. The normally locked trailer was unlocked after the truck sped out of the parking lot. Bolt cutters and appliances such as the ones kept in the trailer were found in the truck. Taken together, the cumulative force of this circumstantial evidence provided the jury with a sufficient basis to reasonably infer that the appliances found in Williams's truck had been taken from the Lowe's trailer. *See, e.g.*, *Nickerson v. State*, 810 S.W.2d 398, 400–01 (Tex. Crim. App. 1991); *Jones v. State*, 458 S.W.2d 89, 91–92 (Tex. Crim. App. 1970); *Jahanian v. State*, No. 14-07-00945-CR, 2009 WL 1493014, at \*12 (Tex. App.—Houston [14th Dist.] May 28, 2009, pet. ref'd) (mem. op., not designated for publication); *Benson v. State*, 240 S.W.3d 478, 481–82 (Tex. App.—Eastland 2007, pet. ref'd); *Rogers v. State*, 929 S.W.2d 103, 108 (Tex. App.—Beaumont 1996, no pet.).

Second, Williams asserts that the evidence was insufficient to establish that the appliances found in his rental truck were valued at between $750 and $2,500. An item's fair market value is the appropriate valuation measure, and an owner's testimony is sufficient to prove such value. *See* Tex. Penal Code Ann. § 31.08(a); *Holz*

6

*v. State*, 320 S.W.3d 344, 350 (Tex. Crim. App. 2010) (relying on *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986)). A loss-prevention employee qualifies as a special owner who may testify on behalf of his employer as to a stolen item's fair market value. *See Sandone v. State*, 394 S.W.3d 788, 792–93 (Tex. App.—Fort Worth 2013, no pet.); *see also McCurdy v. State*, 550 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Boydston and Townley testified that the appliances found in Williams's rental truck could have been sold for between $750 to $1,500. This testimony was sufficient to establish the fair market value of the stolen property. *See, e.g., Ray v. State*, 106 S.W.3d 299, 301–02 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Hagan v. State*, No. 14-01-00790-CR, 2002 WL 1438679, at *2 (Tex. App.—Houston [14th Dist.] July 3, 2002, pet. ref'd) (not designated for publication). *See generally Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991) (holding fair market value is the amount stolen property would sell for, given a reasonable time to sell it).

## III. CONCLUSION

Because the evidence allowed a reasonable fact-finder to find that the appliances found in Williams's rental truck were owned by Lowe's and that the fair market value of those appliances were valued at between $750 and $2,500, the evidence was sufficient to support Williams's theft conviction. We overrule Williams's issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 26, 2020